IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **04-cv-1967-AP**

IN RE:

**ABEER MARIE FARAGALLA and
GAMAL AHMED FARAGALLA,**

      Debtors.

_____

**ABEER MARIE FARAGALLA and
GAMAL AHMED FARAGALLA**,

      Plaintiffs/Appellants,

**ACCESS RECEIVABLES MANAGEMENT, ET AL. ,**

      Defendants/Appellees.

_____

**ORDER ON REMAND FROM THE TENTH CIRCUIT
COURT OF APPEALS**
_____

Kane, J.

This *pro se* bankruptcy appeal is before me on remand after the Tenth Circuit Court of Appeals reversed my dismissal of the Plaintiff-Debtors' Notice of Appeal as untimely.  *In re Faragalla*, 422 F.3d 1208 (10th Cir. 2005)(holding date bankruptcy court clerk entered order on docket, rather than date bankruptcy order signed, triggered ten-day deadline to appeal).  Having now considered the Notice of Appeal on its face and treating it as a motion for leave to appeal an interlocutory order of the Bankruptcy Court, I DENY the Motion and DISMISS the appeal on its merits.

The purported appeal in this case is taken for the Bankruptcy Court's September

30, 2004 Order which (1) denied Plaintiff-Debtors' Motions to Vacate Settlement Conference and for Default Judgment against Wells Fargo Bank and Educap, Inc.; and (2) granted Wells Fargo's Motion to Strike a Reply brief filed by Plaintiffs'.  Because the Order ended neither the bankruptcy litigation nor the particular adversary proceeding on its merits, it is interlocutory in nature and an appeal must proceed, if at all, with leave of the court under 28 U.S.C. § 158(a)(3).

Under the circumstances presented, I may construe the Debtors' Notice of Appeal as a motion for leave under § 158(a)(3).  Bank. R. 8003(c).  Having reviewed that Notice, together with the Order appealed from and the Debtors' Statement of Issues Presented on Appeal, I discern no grounds for allowing Debtors to proceed.  The Debtors' chief complaint is that Wells Fargo and EduCap were permitted to appear in the adversary proceeding as Defendants when the only Defendant they sought to name was Access Receivable Management.  The underlying dispute appears to involve educational loans extended to Debtors by Wells Fargo and/or EduCap, on which Debtors ostensibly defaulted.  The substance of the Bankruptcy Court's Order, however, was merely to refuse to enter default judgment against Wells Fargo based on Debtors' assertion that Wells Fargo had not properly sought leave to "intervene."  Because the proposition that Wells Fargo and EduCap are somehow improper parties to the adversary proceeding has yet to be tested below, there has been no substantive ruling on the merits of their status from which to appeal.

The request for leave to appeal the Bankruptcy Court's denial of Debtors' Motion for Default Judgment against Wells Fargo is DENIED.  The Court's procedural rulings declining to vacate a scheduled settlement conference and striking a reply brief that had

been filed without leave of the court do not constitute orders from which interlocutory appeal will even be considered. The appeal is DISMISSED.

Dated: October 26, 2005

                                BY THE COURT:

                                **s/John L. Kane**
                                SENIOR U.S. DISTRICT JUDGE